**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **KEITH JACOBY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | _____ |
| **DURHAM SCHOOL SERVICES, L.P.,** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

## I.

## INTRODUCTION

Plaintiff Keith Jacoby files this Original Complaint against Defendant Durham School Services, L.P.

## II.

## PARTIES

1.      Plaintiff is an individual and a citizen of Denton County, Texas.

2.      Defendant Durham School Services, L.P. (Defendant) is a foreign limited partnership organized under the laws of the state of Delaware with its principal place of business located at 4300 Weaver Parkway, Warrenville, Illinois 60555.  Defendant may be served with process, including summons and a copy of this lawsuit, by serving Defendant's registered agent for service of process, C T Corporation System located at 1999 Bryan St. Suite 900 Dallas, Texas 75201.

## III.

## JURISDICTION

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under federal law.

4.     Defendant employees the requisite number of employees for coverage under the relevant federal acts upon which Plaintiff's claims are based.

## IV.

## VENUE

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in Denton County, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Denton County.

6.     Denton County lies within the Sherman Division of the Eastern District of Texas, as set forth in 28 U.S.C. § 124(c)(3).

## V.

## BACKGROUND FACTS

7.     Plaintiff worked for Defendant as a bus monitor from October 2014, until he was wrongfully terminated on December 18, 2016.

8.     Plaintiff suffered a traumatic brain injury in an automobile accident in 1994.

9.     Because of that injury Plaintiff cannot walk normally, and his speech is impaired.

10.     In 2015, management commented to Plaintiff's ex-wife that they were not sure Plaintiff could be a bus monitor.

11.     In December 2016, Plaintiff was walking to a safety meeting when a female employee said to me, "Why do you always walk like you're drunk?"

12.    Plaintiff has been discriminated against for 20 years because of his disability.

13.    Out of anger Plaintiff cussed at her.

14.    Plaintiff was subsequently fired, while the woman who made this comment was not disciplined at all.

## VI.

## CONDITIONS PRECEDENT

15.    Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was dual filed with the Texas Workforce Commission.

16.    The Charge was filed within 180 days after the date on which the complained of employment practices were committed.

17.    More than 180 days have passed since the Charge was filed and no action has been taken.

18.    Plaintiff has timely exhausted all administrative remedies.

## VII.

## CAUSES OF ACTION

A.    **First Cause of Action—Disability Discrimination—ADA**

19.    Plaintiff incorporates each of the foregoing paragraphs.

20.    Defendant discriminated against Plaintiff because of Plaintiff's disability and/or perceived disability and/or record of a disability and/or because it regarded Plaintiff as disabled.

21.    Defendant's actions violated 42 U.S.C. § 12112.

**B.      Second Cause of Action—Unlawful Termination—Disability Discrimination—ADA**

22.      Plaintiff incorporates each of the foregoing paragraphs.

23.      Defendant terminated Plaintiff's employment because of Plaintiff's disability and/or perceived disability and/or record of a disability and/or because it regarded Plaintiff as disabled.

24.      Defendant's actions violated 42 U.S.C. § 12112.

**C.      Third Cause of Action—Disability Discrimination—TCHRA[1]**

25.      Plaintiff incorporates each of the foregoing paragraphs.

26.      Defendant discriminated against Plaintiff because of Plaintiff's disability and/or perceived disability and/or record of a disability and/or because it regarded Plaintiff as disabled.

27.      Defendant's actions violated section 21.051 of the Texas Labor Code.

**D.      Fourth Cause of Action—Unlawful Termination—Disability Discrimination—TCHRA**

28.      Plaintiff incorporates each of the foregoing paragraphs.

29.      Defendant terminated Plaintiff's employment because of Plaintiff's disability and/or perceived disability and/or record of a disability and/or because it regarded Plaintiff as disabled.

30.      Defendant's actions violated section 21.051 of the Texas Labor Code.

---

[1] Texas Commission on Human Rights Act.

## VIII.

## <u>DAMAGES</u>

31.    Plaintiff incorporates each of the foregoing paragraphs.

32.    Defendant's actions violated 42 U.S.C. § 12112, which entitles Plaintiff to recover from Defendant back pay, front pay, as well as pre-judgment and post-judgment interest.

33.    Plaintiff is also entitled to recover from Defendant compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1).

34.    Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's federally-protected rights, Plaintiff is entitled to recover from Defendant punitive damages as provided for under 42 U.S.C. § 1981a(a)(1) and (b)(1).

35.    Plaintiff seeks all damages available under federal law.

36.    Defendant's actions also violated the Texas Commission on Human Rights Act, which entitles Plaintiff to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

37.    Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant punitive damages.

38.    Plaintiff seeks all damages available under the TCHRA.

## IX.

## <u>ATTORNEYS' FEES AND COSTS</u>

39.    Plaintiff incorporates each of the foregoing paragraphs.

40.    Plaintiff retained the services of undersigned counsel to prosecute Plaintiff's claims.

41.     Pursuant to 42 U.S.C. § 12205 and Texas Labor Code section 21.259, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees and costs.

## X.

## INJUNCTIVE AND DECLARATORY RELIEF

42.     Plaintiff incorporates each of the foregoing paragraphs.

43.     Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

      a.    Prohibiting Defendant from engaging in unlawful discrimination;

      b.    Reinstating Plaintiff's employment with Defendant with backpay;

      c.    Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

      d.    Paying court costs;

      e.    A declaration that Defendant violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

      f.    Any additional equitable relief as the Court deems proper.

## XI.

## JURY DEMAND

44.     Plaintiff incorporates each of the foregoing paragraphs.

45.     Plaintiff demands a trial by jury.

## XII.

## CONCLUSION AND PRAYER

46.      Plaintiff respectfully requests that Defendant be cited to appear and answer, and

that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

A.      Back pay and front pay (including benefits);

B.      Compensatory damages;

C.      Punitive damages;

D.      Injunctive and declaratory relief, including but not limited to, an Order:

      a.      Prohibiting Defendant from engaging in unlawful discrimination;

      b.      Reinstating Plaintiff's employment with Defendant with backpay;

      c.      Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

      d.      Paying court costs;

      e.      A declaration that Defendant violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

      f.      Any additional equitable relief the Court deems proper;

E.      Courts costs;

F.      Pre-judgment and post-judgment interest at the rate set by law; and

G.      All legal or equitable relief this Court deems proper.

Respectfully submitted,

/s/ Matthew R. Scott
MATTHEW R. SCOTT
Texas Bar No. 00794613
matt.scott@scottperezlaw.com
JAVIER PEREZ
Texas Bar No. 24083650
javier.perez@scottperezlaw.com
CARSON D. BRIDGES
Texas Bar No. 24096758
carson.bridges@scottperezlaw.com
**SCOTT | PEREZ LLP**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202
214-965-9675 / 214-965-9680 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**